IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIE YU,<br><br>               Petitioner,<br><br>    vs.<br><br>FIELD OFFICE DIRECTOR,<br>ENFORCEMENT AND REMOVAL<br>OPERATIONS, SAN FRANCISCO FIELD<br>OFFICE, IMMIGRATION AND CUSTOMS<br>ENFORCEMENT, *et al.*,<br><br>               Respondents. | Civil No. 1:26-cv-04648-MWJS<br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>A# 216-334-081 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jie Y.[1] is an immigration detainee proceeding with a petition for writ of

habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.

Petitioner lawfully entered the country under a B-2 visitor visa on June 17, 2016,

and his admission was valid through December 16, 2016.  *Id.* at pg. 9; Dkt. No. 5-1, at

pg. 2.  He timely filed an affirmative asylum application in June 2017, and that

application remains pending.  Dkt. No. 1, at pg. 9; Dkt. No. 5-1, at pg. 2.  After

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

overstaying his visa, Petitioner was granted three separate employment authorizations, the last of which remains valid through October 31, 2028.  Dkt. No. 10, at pg. 1.

Petitioner married a U.S. citizen in November 2021, and his spouse filed a Form I-130 (Petition for Alien Relative) on his behalf in June 2023.  Dkt. No. 1, at pg. 9; Dkt. No. 5-1, at pg. 2.  On the same day his spouse submitted the Form I-130, Petitioner filed a Form I-485 (Application to Register Permanent Residence or Adjust Status).  Dkt. No. 1, at pg. 9; Dkt. No. 5-1, at pg. 2.  Both the Form I-130 and the Form I-485 also remain pending.  Dkt. No. 1, at pg. 9; Dkt. No. 5-1, at pg. 2.

On October 24, 2025, when Petitioner reported to U.S. Citizenship and Immigration Services for a scheduled interview related to his pending Form I-485, a records check revealed that Petitioner had overstayed his admission.[2]  Dkt. No. 1, at pg. 9; Dkt. No. 5-1, at pg. 2.  At that point, more than eight years had passed since the expiration of Petitioner's admission.  U.S. Immigration and Customs Enforcement took Petitioner into custody, and he has been detained since.  *Id.*

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention violates his rights under the Due Process Clase of the Fifth

---

[2]    In August 2024, Petitioner was arrested by local law enforcement for various offenses, but the record does not reflect any resulting convictions, nor does it show that Petitioner was initially detained by immigration authorities in October 2025, because of this arrest.  *See* Dkt. No. 5-2, at pg. 5.

Amendment. [3]  Dkt. No. 1, at pgs. 11–12.  Petitioner seeks an order granting his immediate release.  *Id.* at pg. 13.

This court and others have granted relief in cases analogous to this one.  *See, e.g.,* *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026); *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026); *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112 (E.D. Cal. Mar. 20, 2026).  The court has again considered these precedents and concluded that they reached the correct result.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior cases such as the ones listed above."  Dkt. No. 9.  The court appreciates Respondents' timely response.  Dkt. No. 10.

Respondents attempt to distinguish *Gagik T.*, arguing that the petitioner in that case had "exhausted his administrative remedies," and Petitioner should be required to do the same here.  Dkt. No. 10, at pg. 1.  But that distinction is faulty.  In *Gagik T.*, the respondents argued that the petitioner had not exhausted his administrative remedies.

---

[3]  Petitioner also argues that detaining him without a bond hearing violates the Immigration and Nationality Act.  *See* Dkt. No. 1, at pgs. 10–11.  Given the relief granted by the court, any additional claims are DENIED without prejudice.

2026 WL 1837413, at *2.  The court did not disagree.  Instead, after noting that the exhaustion requirement in this context is prudential rather than jurisdictional, the court concluded that "no further administrative detour was required" because the petitioner asserted a constitutional claim—that is, whether the government deprived the petitioner of liberty without the pre-deprivation process the Due Process Clause requires.  *Id.*  The same is true here, and the court therefore again excuses exhaustion. *See* Dkt. No. 6, at pg. 5 ("Respondents' attempt to redirect this case to the Immigration Court would not remedy the constitutional injury caused by continued detention without a lawful and established basis.").

Respondents also note that the decisions in *Kharitonova* and *Kalkan* are now on appeal to the Ninth Circuit.  Dkt. No. 10, at pg. 1.  But those district court decisions are not binding, and the court has cited them only for their persuasive force.  The mere fact that they have been appealed does not diminish that force.  Nor does it diminish the persuasive force of *Gagik T*, in which the court similarly concluded that a noncitizen in Petitioner's position has a protected liberty interest, and that a post-deprivation hearing does not cure the constitutional defect underlying Petitioner's current detention.  2026 WL 1837413, at *3–4.

The court also invited Respondents to "identify the strongest cases supporting their view" that pre-deprivation process is not required for someone in Petitioner's position, Dkt. No. 9, and they appear to rely on *Rodriguez Diaz v. Garland*, 53 F.4th 1189

(9th Cir. 2022), Dkt. No. 10, at pgs. 1–2.  For the reasons articulated in *Gagik T.*, however, the court again concludes that *Rodriguez Diaz* does not dictate how this case should be resolved.  *See* 2026 WL 1837413, at \*3 ("*Rodriguez Diaz* addressed the adequacy of the burden allocation at a bond hearing for a person already in custody; it did not consider whether the Government may seize a person after years of government-sanctioned liberty without affording any prior process.").

Given the lack of any factual or legal issues in this case that would distinguish it from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Jie Y. (A# 216-334-081) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not

address the circumstances in which Respondents may detain Petitioner in the event

Petitioner becomes subject to an executable final order of removal, or in the event

exigent or urgent circumstances arise that justify arresting and detaining Petitioner

before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  June 30, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04648-MWJS; *Jie Y. v. Field Office Director, Enforcement and Removal Operations, San Francisco Field Office, Immigration and Customs Enforcement,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS